IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SARAH HARDIN, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated,**

vs.                                        No. 5:22-cv-5160-TLB

**BOBANKS HOLDINGS, LLC, d/b/a HOME HELPERS,**          **DEFENDANTS**
**and HADEN GILDER,**

## COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Sarah Hardin, individually and on behalf of all others similarly situated, by and through her attorneys Jason T. Brown and Nicholas R. Conlon of Brown, LLC, and Josh Sanford of Sanford Law Firm, PLLC, and for her Complaint—Class and Collective Action ("Complaint") against Defendants Bobanks Holdings, LLC, doing business as "Home Helpers," and Haden Gilder, (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.      PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiff, individually and on behalf of all others similarly situated hourly-paid home-healthcare workers, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.      Defendants operate a franchise of "Home Helpers," and provide in-home home healthcare services in Arkansas and other states including Florida, Georgia, and

South Carolina. Defendants employ hourly-paid home-healthcare workers who are responsible providing and/or assisting with the provision of Defendants' in-home healthcare services to their patients.

3.     Defendants classified hourly-paid home-healthcare workers as non-exempt employees, paid them on an hourly basis, and regularly suffered and permitted them to work over 40 hours per week. However, Defendant maintained a *de facto* policy of prohibiting hourly-paid home-healthcare workers from clocking in before the times at which their shifts were scheduled to begin, or remaining clocked in past the times at which their shifts were scheduled to end.

4.     As a result, Defendants suffered and permitted hourly-paid home-healthcare workers to perform work in excess of 40 hours "off the clock," and without additional compensation for hours worked in excess of 40, in violation of the FLSA and AMWA.

5.     Plaintiff asserts the FLSA claims individually and on behalf of a putative FLSA collective, defined as:

**All hourly-paid home-healthcare workers employed by Bobanks within the three years preceding this action and continuing through the date of judgment.**

6.     Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid home-healthcare workers of Defendants informing them of their right to assert FLSA claims in this collective action by filing consent forms.

7.     Plaintiff asserts her AMWA claims individually and on behalf of a putative Arkansas class pursuant to Fed. R. Civ. P. 23, defined as:

**All hourly-paid home-healthcare workers employed by Bobanks in Arkansas within the three years preceding this action and continuing through the date of judgment.**

8.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' failure to pay proper overtime compensation under the FLSA and the AMWA.

## II.    JURISDICTION AND VENUE

9.    The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

10.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

11.    Defendants are domiciled within and operate out of the Fayetteville Division of the Western District of Arkansas.

12.    Therefore, Defendants are subject to the Court's personal jurisdiction and venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

13.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

14.    Plaintiff is an individual and resident of Sequoyah County, Oklahoma.

15.    Plaintiff was employed by Defendants as an hourly-paid home-healthcare worker.

16.     Plaintiff's formal job title was "Case Manager."

17.     Defendants employed Plaintiff from approximately March 8, 2022 to June 27, 2022.

18.     Plaintiff worked primarily in Defendants' office located in Fort Smith, Arkansas and in the homes of Defendants' clients in Sebastian, Crawford, Logan, Franklin, and Scott Counties, Arkansas.

19.     At all times material herein, Plaintiff and those similarly situated have been classified by Defendants as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

20.     Separate Defendant Bobanks Holdings, LLC ("Bobanks"), is a domestic, for-profit limited liability company, with its principal place of business located at 2815 West Walnut Street, Suite B, Rogers, Arkansas 72756.

21.     Defendants operate a franchise of "Home Helpers," and provide in-home home healthcare services in Arkansas and other states including Florida, Georgia, and South Carolina.

22.     Bobanks's registered agent for service in Arkansas is National Registered Agents, Inc., at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

23.     Separate Defendant Haden Gilder ("Gilder") is a citizen and resident of Arkansas.

24.     Gilder is the owner, principal, officer and/or director of Bobanks.

25.     Gilder manages and controls the day-to-day operations of Bobanks, including but not limited to the decision to not pay hourly-paid home-healthcare workers for all hours worked.

26.    Within the three years preceding the filing of this Complaint, Defendants have continuously employed at least four employees.

27.    Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

28.    Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this action.

## IV.    FACTUAL ALLEGATIONS

29.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

30.    At all relevant times herein, Defendants directly hired hourly-paid home-healthcare workers to work on their behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

31.    Defendant's hourly-paid home-healthcare workers were responsible for providing and/or assisting with the provision of Defendants' in-home healthcare services to their patients.

32.    Defendant's hourly-paid home-healthcare workers held formal job titles including Case Manager, Caregiver, Human Resources personnel, and Scheduler.

33.    Defendants classified hourly-paid home-healthcare workers as non-exempt employees and paid them on an hourly basis.

34.     Defendants determined the hours for which hourly-paid home-healthcare were entitled to be paid based on the times at which they clocked in and out in Defendant's electronic timekeeping system.

35.     Defendants typically scheduled hourly-paid home-healthcare workers to work 5 shifts per week, with most, if not all shifts consisting of 8 hours of scheduled time.

36.     Defendants regularly suffered and permitted hourly-paid home-healthcare workers to work more hours in a day and/or week than their scheduled hours.

37.     Defendants regularly suffered and permitted hourly-paid home-healthcare workers to work in excess of 8 hours in a day.

38.     Defendants regularly suffered and permitted hourly-paid home-healthcare workers to work in excess of 40 hours in a week.

39.     Defendant maintained a *de facto* policy of prohibiting hourly-paid home-healthcare workers from clocking in before the times at which their shifts were scheduled to begin.

40.     Defendant maintained a *de facto* policy of prohibiting hourly-paid home-healthcare workers from remaining clocked in past the times at which their shifts were scheduled to end.

41.     As a result, the work Defendants suffered and permitted hourly-paid home-healthcare workers to perform outside their scheduled shifts was often done "off the clock," and without compensation.

42.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform occurred before their scheduled shifts.

43.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also occurred after their scheduled shifts.

44.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform occurred at Defendants' offices.

45.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also occurred at Defendants' patients' homes.

46.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also occurred at the workers' homes.

47.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform consisted of reading and responding to work-related e-mails.

48.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of answering, making, returning, and having telephone calls with their co-workers and with Defendants' patients.

49.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of attending mandatory meetings.

50.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of completing applications, paperwork, and spreadsheets related to the provision of healthcare services.

51.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of ordering healthcare-related items for patients.

52.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of travelling from their homes to Defendants' offices and/or clients' homes after performing work at their homes.

53.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform also consisted of travelling to their homes from Defendants' offices and/or clients' homes before performing work at their homes.

54.     The "off the clock" work Defendants suffered and permitted hourly-paid home-healthcare workers to perform was regularly in excess of forty (40) hours in a workweek.

55.     As a result, in many weeks Defendants suffered and permitted hourly-paid home-healthcare workers to perform in excess of forty (40) hours in a workweek for which they did not receive any compensation.

56.     For example, in the workweek of May 7 – May 13, 2022, Plaintiff worked and was paid for five 8-hour scheduled shifts, for a total of forty (40) hours, but also performed additional uncompensated work "off the clock," in addition to her forty (40) hours of scheduled work, as alleged herein.

57.     Defendants knew and/or recklessly disregarded that their hourly-paid home-healthcare workers were working uncompensated hours in addition to those for which they were scheduled and/or clocked in for the timekeeping system.

58.     Defendants willfully violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA 216(b) Collective

59.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly-paid home-healthcare workers who were employed by Defendants within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

61.     Plaintiff proposes the following collective under the FLSA:

**All hourly-paid home-healthcare workers employed by Bobanks within the three years preceding this action and continuing through the date of judgment.**

62.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed a written Consent to Join this lawsuit.

63.     The relevant time period dates back three years from the date on which this action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

64.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were subject to Defendants' common policy of prohibiting hourly-paid home-healthcare workers from clocking in before the times at which their shifts were scheduled to begin;

B.     They were subject to Defendants' common policy of prohibiting hourly-paid home-healthcare workers from remaining clocked in past the times at which their shifts were scheduled to end.

C.     They subject to Defendant's common policy of failing to pay hourly-paid home-healthcare workers for all hours worked; and

D.     They had substantially similar job duties, requirements, and pay provisions.

65.     Plaintiff believes that the collective exceeds fifty (50) persons.

66.     Defendants can readily identify the members of the putative FLSA collective, who are a certain portion of the current and former employees of Defendants.

67.     The names and physical and mailing addresses of the putative FLSA collective action members are available from Defendants.

68.     The email addresses of many of the putative FLSA collective action members are available from Defendants.

### B.     AMWA Rule 23 Class

69.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the FRCP.

70.     Plaintiff proposes the following Rule 23 class under the AMWA:

**All hourly-paid home-healthcare workers employed by Bobanks in
Arkansas within the three years preceding this action and continuing
through the date of judgment.**

71.    Common questions of law and fact relate to all members of the proposed

AMWA Class, such as whether Defendants paid the members of the proposed class for

all hours worked, including overtime in accordance with the AMWA.

72.    Common questions of law and fact predominate over any questions

affecting only the individually-named Plaintiff, and a class action is superior to other

available methods for fairly and efficiently adjudicating the claims of the members of the

proposed AMWA Class.

73.    The class members have no interest in individually controlling the

prosecution of separate actions because the policy of the AMWA provides a bright-line

rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the

public policy of the State of Arkansas to establish minimum wages for workers in order

to safeguard their health, efficiency, and general well-being and to protect them as well

as their employers from the effects of serious and unfair competition resulting from

wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-

4-202.

74.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's

counsel knows of any litigation already begun by any members of the proposed class

concerning the allegations in this Complaint.

75.    Concentrating the litigation in this forum is highly desirable because many

of the class members reside in the Western District of Arkansas and Defendants do

business in the Western District of Arkansas.

76.     No difficulties are likely to be encountered in the management of this class action.

77.     The claims of Plaintiff is typical of the claims of the proposed classes in that Plaintiff worked as an hourly-paid home-healthcare worker for Defendants and experienced the same violations of the AMWA that all other class members suffered.

78.     Plaintiff and her counsel will fairly and adequately protect the interests of the class.

79.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

80.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for FLSA Violations)

81.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

82.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

83.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

84.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over

forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. §§ 207 and/or 213 and all accompanying Department of Labor regulations.

85.   Defendants classified Plaintiff as non-exempt from the requirements of the FLSA.

86.   Defendants failed to pay Plaintiff for all hours worked, including one and one-half times her regular rate for all hours worked in excess of forty hours per week.

87.   Defendants knew or should have known that their actions violated the FLSA.

88.   Defendants' conduct and practices, as described above, were willful.

89.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of this action, plus periods of equitable tolling.

90.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

91.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

92.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

93.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

94.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

95.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all non-exempt employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times their regular wages for all hours worked over forty (40) in a week.

96.    Defendants classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

97.    Defendants failed to pay Plaintiff and similarly situated employees for all hours worked, including one and one-half times their regular rate for all hours worked in excess of forty hours per week.

98.    Defendants deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty (40) per week, in violation of the FLSA.

99.    Defendants knew or should have known that their actions violated the FLSA.

100.    Defendants' conduct, as described above, has been willful.

101.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages

and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of this action, plus periods of equitable tolling.

102.   Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

103.   Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for AMWA Violations)

104.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

105.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, et seq.

106.   At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

107.   Sections 210 and 211 of the AMWA require employers to pay all non-exempt employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week.

108.   Defendants classified Plaintiff as non-exempt from the requirements of AMWA.

109.   Defendants failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

110.   Defendants knew or should have known that their practices violated the AMWA.

111.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

112.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## XI.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for AMWA Violations)

113.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

114.   Plaintiff, individually and on behalf of the members of the proposed class, assert this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

115.   At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

116.   Defendants classified Plaintiff and the members of the proposed class as non-exempt from the overtime requirements of the AMWA.

117.   Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA, Defendants failed to pay

Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

118.   Defendants willfully failed to pay overtime wages to Plaintiff and the members of the proposed class.

119.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint

### IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sarah Hardin, individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA and a Rule 23 class under the AMWA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and all others similarly situated for all unpaid overtime compensation under the FLSA, the AMWA and their related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.     An order directing Defendants to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.


Respectfully submitted,

**PLAINTIFF SARAH HARDIN,
Individually and on Behalf of
All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

BROWN, LLC
111 Town Square Place
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) 582-5297

Jason T. Brown
NJ Attorney ID #35921996
jtb@jtblawgroup.com

Nicholas Conlon
NJ Attorney ID #34052013

nicholasconlon@jtblawgroup.com

*PHV Motions to be Filed*